**CONTINENTAL INSURANCE COM-PANY, a corporation, Appellant,**

v.

**W. K. DUNNE, M. C. Nelson and Julius P. LaBarraque, Appellees.**

**No. 14384.**

United States Court of Appeals Ninth Circuit.

Oct. 18, 1955.

Thornton & Taylor, San Francisco, Cal., for appellant.

Albert Picard, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and HEALY and LEMMON, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment of the District Court allowing appellees, citizens of California, to recover under their fire insurance policies issued by The Continental Insurance Company, a New York corporation. The policies were executed in California and the California law controls their interpretation.

One of the insurance company's contentions is that the court erred in holding it has not discharged its liability on several policies covering a fire in a one-story frame building numbered 1637 Howard Street in San Francisco by a so-called release signed by the insured for the payment by it to the insured of the

amount of $500.00, the total coverage of one of them. The release was a printed indorsement on a check prepared by the insurer as follows:

"In consideration of the payment hereby made, the Continental Insurance Company *is released and forever discharged from any further claim by reason of the loss described on the face of this check.*" [Emphasis added.]

The insured signed their names below this language. The insurance company claims that this constituted an accord and satisfaction. The loss described on the face of the check was one "which occurred 10–21–52, on property described in policy No. 85526." Policy 85526 covered "the following described property, all situated No. 1637 Howard Street, City) Town) of San Francisco, State of California. *Item 1. $500.00 on the 1 story comp. roof frame Building while occupied as Warehouse."

Since the releasing language on the check is that of the insurer, we are required to interpret it against the insurer, that the release was only for liability under this single policy. Furthermore, since the evidence shows that the fire damage exceeded $500.00 there was no consideration for the release of any other liability of the insurer. D. E. Sanford Co. of San Francisco v. Cory Glass Coffee Brewer Co., 1948, 85 Cal.App.2d 724, 194 P.2d 127; Shortell v. Evans-Ferguson Corp., 1929, 98 Cal.App. 650, 277 P. 519.

The insurers also contend that the court erred in holding that other policies which read:

"This policy covers the following described property, all situated #1627–33 east side of Howard Street, between 12th and 13th City) Streets, Town) of *San Francisco,* State of *California.* Item 1. *$4000.00* ON the 1&2 story *comp.* roof *frame* Building while occupied as *bottling works."

covered a one-story composition roof frame building attached to the two-story building and connected with it by a doorway opening on a driveway with a door opposite in the larger portion of the structure. Their contention is that the smaller building was not a part of the larger building with which it was so connected. There is evidence that this "1 & 2 story comp. roof frame building" was in fact "occupied as bottling works" by the insured. Here again we are required to construe the specific language of the insurance company's policy adversely to it, and we are unable to say that the District Court's holding is "clearly erroneous".

■ Appellant contends that the court erred in failing to compute the damage to the one-story portion of the structure which was over 30 years old at its deteriorated value but instead computed the fire damage on the value of the new structure. We can find no error here, the California Insurance Code in its section 2051 providing for the open policies here involved:

> "§ 2051. Measure of indemnity under open policy. Under an open policy, the measure of indemnity in fire insurance is the expense to the insured of replacing the thing lost or injured in its condition at the time of the injury, such expense being computed as of the time of the commencement of the fire."

■ The insurance company next contends that there should have been deducted from the amount of the fire damage in the one-story portion of the structure the $500.00 on the policy above considered. The insured contends that the $500.00 policy merely covered a shed in the rear of the one-story portion of the structure. There is no merit in the insured's contention for as seen above it accepted the $500.00 as covering the one-story structure. This further appears from the insured's admission in response to the following request for admissions.

"VIII

"That after said fire, Plaintiffs joined in filing Proofs of loss under said Continental policy No. 85526, claiming loss and damage to the building known as 1637 Howard Street in the amount of $1,886.09, and claiming the entire amount of insurance thereon in the sum of $500.00; that pursuant thereto, the Continental Insurance Company paid said sum to Plantiffs and the Crocker First National Bank, who were also named as loss payees under said policy."

The District Court erred in failing to deduct this $500.00 from the amount awarded.

■ The insurer further claims that it was not liable for $49.50 for the injury to the surface of the space in the one- and two-story structure caused by the fire. We think the policy provision as follows:

> "7. Definition of Terms:
>
> "(1) Building: Building or structure in its entirety, including all fixtures and machinery used for the service of the building itself, provided such fixtures and machinery are contained in or attached to and constitute a part of the building; additions in contact therewith; platforms, chutes, conveyors, bridges, trestles, canopies, gangways, and similar exterior structures attached thereto and located on the above described premises, * * *"

should be construed adversely to the insurer as covering this connection between the one-story and two-story portion of the building. We cannot say that here there was any substantial error.

The decision is affirmed save as to the failure to deduct the $500.00 from the $3,330.60 awarded as damages. The case is remanded and the District Court ordered to enter judgment in the lessened amount.